**Douglas J. CRAWFORD, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 00–70173.

United States Court of Appeals, Ninth Circuit.

Submitted July 13, 2001[1]

Filed Sept. 20, 2001

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Douglas J. Crawford, Pro per, San Diego, California, petitioner-appellant.

Paula M. Junghas, Acting Assistant Attorney General, Department of Justice, Tax Division, Washington D.C., for the respondent-appellee.

Before: FARRIS, SILVERMAN, and PAEZ, Circuit Judges.

PER CURIAM:

Douglas Crawford appeals the Tax Court's denial of his petition for redetermination of income taxes for tax year 1991 arguing that the Special Trial Judge of the Tax Court lacked jurisdiction to decide constitutional claims and that appointment of special trial judges violates the separation of powers doctrine. We affirm.

 We have jurisdiction pursuant to 26 U.S.C. § 7482(a) and review United States· Tax Court decisions in the same manner and to the same extent as decisions of the district court in civil bench trials. *Estate of Rapp v. Comm'r,* 140 F.3d 1211, 1214–15 (9th Cir.1998). We review the issues in this case, which are pure ˙questions of law, de novo. *Id.* at 1215.

Crawford sought redetermination of 1991 income tax deficiencies in United States Tax Court. A Special Trial Judge tried the case on stipulated facts. The issues at trial were whether: (1) the Tax Court had jurisdiction to consider Crawford's constitutional claims, (2) assignment of the case to the Special Trial Judge violated due process, equal protection and separation of powers, (3) Crawford's 1991 unemployment compensation should be included in his 1991 gross income and (4) Crawford was liable for an addition to tax for failing to file a 1991 tax return.

The Special Trial Judge rejected all of Crawford's constitutional claims and found a deficiency for 1991. Crawford sought reconsideration and assignment of the case to another judge. The Chief Judge of the Tax Court denied both motions. The Special Trial Judge entered a final judgment and Crawford filed a timely appeal.

## I. Tax Court and Special Trial Judges

 The Tax Court is an Article I court created by Congress with limited jurisdic-

tion to rule on deficiencies assessed by the government on taxpayers. 26 U.S.C. § 7441; *Freytag v. Comm'r.*, 501 U.S. 868, 888, 891, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991); *Redhouse v. Comm'r.*, 728 F.2d 1249, 1253 (9th Cir.1984). Independent of the executive and legislative branches, the Tax Court exercises judicial power in much the same way as do federal district courts. *Freytag*, 501 U.S. at 890–91, 111 S.Ct. 2631. Tax Court decisions are not subject to review by either Congress or the President. *Id.* at 891, 111 S.Ct. 2631. According to the Supreme Court, "[t]he Tax Court's exclusively judicial role distinguishes it from other non-Article III tribunals that perform multiple functions and provides the limit on the diffusion of appointment power that the Constitution demands." *Id.* at 892, 111 S.Ct. 2631.

At the time the Chief Judge assigned this case to the Special Trial Judge, § 7443A gave the Chief Judge the power to appoint special trial judges and assign to them "any proceeding where neither the amount of the deficiency placed in dispute (within the meaning of section 7463) nor the amount of any claimed overpayment exceeds $10,000."[2] 26 U.S.C. § 7443A(b)(3). Section 7443A(c) authorizes special trial judges to make decisions in proceedings "subject to such conditions and review as the court may provide." *Id.* § 7443A(c).

## II. Separation of Powers

 Crawford argues that the appointment of special trial judges by the Tax Court violates the separation of powers doctrine because, he contends, its judges are inferior officers of an Article I court who perform Article III functions. Whether a federal statute is constitutional is a question of law that we review de novo. *United States v. $129,727.00 U.S. Currency*, 129 F.3d 486, 491 (9th Cir.1997).

The Supreme Court has held that the authority Congress granted to the Chief Judge of the United States Tax Court to appoint special trial judges under § 7443A(b)(4)[3] does not violate separation of powers. *See Freytag*, 501 U.S. at 870, 111 S.Ct. 2631. In *Freytag*, the petitioner argued that § 7443A(b)(4) was unconstitutional under the Appointments Clause[4] because it authorized the Chief Judge of the Tax Court, an Article I and not Article III judge, to appoint special trial judges to hear complex cases. *Id.* at 872, 111 S.Ct. 2631. The Supreme Court rejected this claim, holding that the Chief Judge may appoint special trial judges for proceedings as specified in the statute. *Id.* at 877, 111 S.Ct. 2631. The Court reasoned that the Tax Court, which is an Article I court, is a "Court of Law" under the Appointments Clause. *Id.* at 890, 111 S.Ct. 2631. Thus,

**2.** In 1998, Congress amended § 7443A to increase the amount of deficiency from $10,000 to $50,000. IRS Restructuring and Reform Act of 1998, Pub.L. 105–206, § 3103(b)(1), 112 Stat. 685, 731.

**3.** Subsection (b)(4) allows the chief trial judge to appoint Special Trial Judges in "any other proceeding which the chief judge may designate." 26 U.S.C. § 7443A(b)(4).

**4.** The Appointments Clause provides:
[The President] shall have Power, by and with the Advice and Consent of the Senate, to make Treaties, provided two thirds of the

Senators present concur; and he shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the supreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments.
U.S. Const. art. II. § 2, cl. 2.

Congress could authorize the Chief Judge to appoint special trial judges, who are inferior officers, under the authority granted in the Appointments Clause. *Id.* at 888–92, 111 S.Ct. 2631. It follows that § 7443A(b)(3), which allows the Chief Judge to appoint a Special Trial Judge to consider a case with an amount in controversy of less than $10,000,[5] does not violate separation of powers.

Crawford argues that lack of judicial review by a district court is fatal to the constitutionality of the statute. We disagree. This court has de novo review of the Tax Court decisions. Moreover, Crawford had the option to litigate his tax deficiency in either Tax Court or federal district court. *See* 26 U.S.C. §§ 7422, 7442 and 7482(a). Crawford chose Tax Court and cannot now complain. *See Rager v. Comm'r,* 775 F.2d 1081, 1083 (9th Cir. 1985).

### III. Subject Matter Jurisdiction of Special Trial Judges

Finally, Crawford argues that the Special Trial Judge, as an Article I judge, lacks subject matter jurisdiction to decide Crawford's separation of powers claim. The existence of subject matter jurisdiction is a question of law reviewed de novo. *Burlington Northern Santa Fe Ry. Co. v. Int'l Bhd. of Teamsters Local 174,* 203 F.3d 703, 707 (9th Cir.2000) (en banc). We previously have held that Tax Courts, which are Article I courts, have jurisdiction to consider constitutional questions in the context of deciding deficiencies. *Rager,* 775 F.2d at 1083. Congress has given the Chief Judge of the Tax Court the express statutory authority to appoint special trial judges in this type of case (less than $10,000)[6] to make the decision of the Tax Court. 26 U.S.C. § 7443A(b)(3) and (c). It follows that the Special Trial Judge, appointed by the Chief Judge of the Article I Tax Court, had jurisdiction to consider the constitutional claims in connection with the determination of the deficiency.

AFFIRMED.