**Johnnie Ann HOLLIDAY, Petitioner—Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent—Appellee.**

No. 02–71880.

Tax Ct. No. 5544–01 L.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted March 10, 2003.*

Decided March 14, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Johnnie Ann Holliday appeals pro se the Tax Court's decision upholding the Commissioner's determination that a tax lien was properly filed against her. We have jurisdiction pursuant to 26 U.S.C. § 7482. The existence of subject matter jurisdiction is a question of law reviewed de novo. *See Crawford v. Commissioner,* 266 F.3d 1120, 1123 (9th Cir.2001), *cert. denied,* 534 U.S. 1135, 122 S.Ct. 1080, 151 L.Ed.2d 980 (2002). The Tax Court's evidentiary rulings regarding the admission of evidence are reviewed for abuse of discretion. *See Hudspeth v. Commissioner,* 914 F.2d 1207, 1213 (9th Cir.1990). We affirm.

Holliday's contention that the Tax Court did not have jurisdiction over her appeal from a collections due process ("CDP") hearing fails because the Tax Court has jurisdiction over such an appeal if it has jurisdiction over the underlying tax liability. *See* 26 U.S.C. § 6330(d)(1). Because Holliday's CDP hearing was based on her liability for unpaid income tax, the Tax Court has exclusive jurisdiction over her appeal. *See Goza v. Commissioner,* 114 T.C. 176, 182, 2000 WL 283864 (2000).

Holliday's contention that the Tax Court erred by admitting into evidence documents that were not produced at the CDP hearing fails because the "record review" provisions of the Administrative Procedure Act ("APA") do not apply to the Tax Court. *See* 5 U.S.C. § 504(a)(1) (APA does not apply where "a matter [is] subject to a subsequent trial of the law and the facts de novo in a court").

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

