**Charles CANSINO, Petitioner–
Appellant,**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.**

No. 03–73858.

IRS No. 12248–02L.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

Charles Cansino, Florence, AZ, pro se.

Charles S. Casazza, Emily Ann Parker, Acting Chief Counsel, Carol A. Barthel, Eileen J. O'Connor, Washington, DC, for Respondent–Appellee.

Before GOODWIN, ALARCÓN, and TROTT, Circuit Judges.

## MEMORANDUM**

Charles Cansino appeals pro se the Tax Court's order granting the Commissioner's motion for summary judgment and ruling that the collection action against Cansino may proceed. We have jurisdiction under 26 U.S.C. § 7482. We review de novo whether the Tax Court had subject matter jurisdiction. *Crawford v. Comm'r*, 266 F.3d 1120, 1123 (9th Cir.2001) (per curiam). We also review de novo summary judgment, *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir.1993) (per curiam), and we affirm.

The Tax Court properly exercised jurisdiction over Cansino's case because it had jurisdiction over the underlying tax liability. *See* 26 U.S.C. § 6330(d)(1); *see also* 26 CFR § 301.6330–1(f)(2)(Q–F3). We are not persuaded by Cansino's contention that the Tax Court lacked jurisdiction merely because he framed his claims as "procedural" errors.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

The Tax Court properly granted summary judgment on the issue whether the IRS met the notice requirements of 26 U.S.C. § 6303(a) because Cansino admitted that he received notices of intent to levy. See *Hughes v. United States*, 953 F.2d 531, 536 (9th Cir.1992).

**AFFIRMED.**