**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PETER D. ADKISON,
                    *Petitioner-Appellant,*

                    v.

COMMISSIONER OF INTERNAL
REVENUE,
                    *Respondent-Appellee.*

No. 08-70485

Tax Ct. No.
2532-06

OPINION

Appeal from a Decision of the
United States Tax Court

Argued and Submitted
September 2, 2009—Seattle, Washington

Filed January 21, 2010

Before: Michael Daly Hawkins, M. Margaret McKeown, and
Jay S. Bybee, Circuit Judges.

Opinion by Judge Bybee

## COUNSEL

Cori Flanders-Palmer (argued), Chicoine & Hallert, P.S., Seattle, Washington; John M. Colvin, Chicoine & Hallert, P.S., Seattle, Washington, for the petitioner-appellant.

Teresa E. McLaughlin (argued), United States Department of Justice, Tax Division, Washington, D.C.; Randolf L. Hutter, United States Department of Justice, Tax Division, Washington, D.C. for the respondent-appellee.

## OPINION

BYBEE, Circuit Judge:

Peter Adkison appeals the Tax Court's dismissal of his claim for relief under 26 U.S.C. § 6015 for lack of jurisdiction. Section 6015(c)[1] allows a former spouse who once filed a joint return and now, no longer married, meets certain requirements to claim relief from joint and several liability for a tax deficiency. The Tax Court held that it lacked jurisdiction because Adkison's deficiency stemmed from a partnership interest that is the subject of an ongoing partnership proceeding under the Tax Equity and Fiscal Responsibility Act (TEFRA) and regulated by a separate set of provisions. We agree with the Tax Court that no remedy is available to Adkison until the TEFRA partnership proceedings have finished, although we arrive at that conclusion through a different path.

I

In 1999, Adkison and his then-wife, Cathleen Adkison, filed a joint tax return claiming deductions and losses through their investment in a partnership called Shavano Strategic Investment Fund, LLC ("Shavano"), which had entered into a transaction with a tax shelter referred to as Bond Linked Issue Premium Structure or "BLIPS." In 2002, the Internal Revenue Service began a disclosure initiative, soliciting taxpayers to disclose their participation in certain tax shelter transactions, including BLIPS. By this time, the Adkisons had divorced, but they disclosed their participation in the BLIPS shelter, and the IRS began an audit of their 1999 joint tax return. Although negotiations failed between Peter Adkison and the IRS in October 2004, Adkison remitted $2.5 million to be posted as a cash bond against his tax liability.

---

[1]All statutes in this opinion refer to the Internal Revenue Code, which is codified in title 26 of the United States Code.

In December 2004, the Internal Revenue Service Commissioner sent Shavano a Notice of Final Partnership Administrative Adjustment ("FPAA") for the year 1999, as required by 26 U.S.C. § 6223. Five months later, in May 2005, Presidio Resources, LLC, a partner in Shavano, filed a timely petition for readjustment of partnership items under TEFRA, *see* 26 U.S.C. § 6226, in the United States District Court for the Northern District of California, an action that remains pending.

Shortly after the petition for readjustment was filed in the partnership proceeding, Adkison submitted Form 8857, an official request for Innocent Spouse Relief, seeking individual relief from joint and several liability on the 1999 tax deficiency due to his partnership participation in the tax shelter. The Commissioner did not respond to Adkison's request. Instead, on November 10, 2005, the Commissioner sent Adkison and his ex-wife a Notice of Deficiency, stating that they owed $5.8 million for the 1999 tax year. The notice advised the Adkisons that if they wished "to contest this determination in court before making any payment," they had "90 days . . . to file a petition with the United States Tax Court."

In February 2006, Adkison filed a petition with the Tax Court, invoking the court's jurisdiction under 26 U.S.C. § 6015(e). He requested two things: (1) a redetermination of his tax deficiency, as contained in the Commissioner's Notice of Deficiency under 26 U.S.C. § 6213, and (2) review of the Commissioner's failure to respond to Adkison's request for separation of liabilities under 26 U.S.C. § 6015(c). Ten months later, the Commissioner moved to dismiss the case for lack of jurisdiction, arguing that the Notice of Deficiency was invalid because of the Shavano partnership proceeding in the Northern District of California. *See* 26 U.S.C. § 6230(a)(3). The Commissioner advised the Tax Court that it was aware of the potential confusion and conflict between the Shavano partnership proceeding pending in district court and its decision to issue a Notice of Deficiency to Adkison. The Commis-

sioner characterized its approach both as "deliberate" and "pruden[tial]" while it was sorting out how the deals were done.

The Tax Court granted the Commissioner's motion to dismiss for lack of jurisdiction, reasoning that because a separate partnership proceeding involving the transaction from which the deficiency arose was already pending, the Commissioner did not "assert" a deficiency against Adkison within the meaning of 26 U.S.C. § 6015(e)(1)(A). Adkison brought this appeal.

## II

We begin with the principle that the Tax Court, as an Article I court, is a court of limited jurisdiction and may only exercise jurisdiction to the extent authorized by Congress. *Estate of Branson v. Comm'r*, 264 F.3d 904, 908 (9th Cir. 2001). Because the deficiency at issue is an affected partnership item, we must examine the interrelationship between the court's jurisdiction to hear a claim for relief from joint and several liability under 26 U.S.C. § 6015 and the court's jurisdiction under 26 U.S.C. §§ 6221-34—the Tax Code provisions applying to affected partnership items. Conclusions of law, including the Tax Court's interpretation of the Internal Revenue Code, are reviewed de novo. *Suzy's Zoo v. Comm'r*, 273 F.3d 875, 878 (9th Cir. 2001). Whether the Tax Court has subject matter jurisdiction is a question of law and thus reviewed de novo. *Crawford v. Comm'r*, 266 F.3d 1120, 1123 (9th Cir. 2001).

**[1]** When a married couple files a joint tax return, both filers are held jointly and severally liable for any deficiency stemming from their joint return. 26 U.S.C. § 6013(d)(3). In § 6015, Congress provided an avenue of relief from joint and several liability if a petitioning spouse shows he or she was unaware of a mistake made in the return, if the spouses divorced and the petitioning spouse shows no actual knowl-

edge of deficiency, or if equitable relief is appropriate. 26 U.S.C. § 6015(b), (c), (f). In this case, Adkison, as a divorced spouse, claims he is entitled to relief under § 6015(c) because he did not have actual knowledge of an understatement in his joint tax return.

[2] Section 6015(e)(1) grants jurisdiction to the Tax Court to hear such claims:

> In the case of an individual against whom a deficiency has been asserted, and who elects to have subsection (b) or (c) apply . . . .
>
> (A) In general. In addition to any other remedy provided by law, the individual may petition the Tax Court (and the Tax Court shall have jurisdiction) to determine the appropriate relief available to the individual under this section if such petition is filed (i) at any time after the earlier of (I) the date the Secretary mails, by certified or registered mail to the taxpayer's last known address, notice of the Secretary's final determination of relief available to the individual, or (II) the date which is 6 months after the date such election is filed or request is made with the Secretary and (ii) not later than the close of the 90th day after the date described in clause (i)(I).

26 U.S.C. § 6015(e)(1) (emphasis added).

[3] Adkison has met the statutory requirements for jurisdiction in the Tax Court, and if only § 6015 were at play here, he could proceed with his petition for relief. The Commissioner sent Adkison a notice asserting a $5.8 million deficiency, Adkison filed his petition and elected subsection (c) to apply, and it had been six months since he officially requested relief. He meets the requirements to establish jurisdiction in the Tax Court under § 6015(e). Having filed a Notice of Deficiency stating that Adkison owed $5.8 million

in back taxes, the Commissioner cannot claim that the Notice was not an assertion of a deficiency within the meaning of § 6015(e).

**[4]** What makes this case complicated is that there is a TEFRA overlay to the spousal relief provision in § 6015. TEFRA has specific rules for the treatment of partnership items that may supersede the general rules for obtaining relief from joint and several liability under § 6015. Pub. L. 97-248 § 402(a), 96 Stat. 324, 648-71 (codified as amended at 26 U.S.C. §§ 6221-34). In TEFRA, Congress provided a unified regulatory scheme for controlling the audit and litigation of partnership interests. TEFRA requires that "the tax treatment of any partnership item . . . shall be determined at the partnership level," thereby ensuring the consistent treatment of partnership taxes and avoiding repetitive audits and litigation. 26 U.S.C. § 6221; *see also Wall v. United States,* 133 F.3d 1188, 1189 (9th Cir. 1998). TEFRA applies to all partnership items, which Congress has broadly defined as items that are "more appropriately determined at the partnership level than at the partner level," 26 U.S.C. § 6231(a)(3), and any item that is "affected by a partnership item." *Id.* § 6231(a)(5).

In general, a partnership proceeding must be completed and a valid notice of deficiency sent before the Tax Court may examine the individual tax treatment of an affected item. "[B]ecause the tax treatment of affected items depends on partnership level determinations, affected items cannot be tried as part of a partner's personal tax case until the completion of the partnership level proceeding." *N.C.F. Energy Partners v. Comm'r*, 89 T.C. 741, 743-44 (1987) (superseded on other grounds by Taxpayer Relief Act of 1997, Pub. L. 105-34, § 1238(a), 11 Stat. 126); *see also GAF Corp. v. Comm'r*, 114 T.C. 519, 526 (2000); *Crowell v. Comm'r*, 102 T.C. 683, 694-95 (1994). This general approach to affected partnership items has an express "special rule" for spouses who seek relief from joint and several liability. Section 6230(a)(3)(A), which is entitled "Coordination with deficiency proceedings:

Special rule in case of assertion by partner's spouse of inno-cent spouse relief," states:

> [I]f the spouse of a partner asserts that section 6015 applies with respect to a liability that is attributable to any adjustment to a partnership item . . . then such spouse may file with the Secretary within 60 days after the notice of computational adjustment is mailed to the spouse a request for abatement of the assessment specified in such notice. Upon the receipt of such notice, the Secretary shall abate the assess-ment.

26 U.S.C. § 6230(a)(3).

**[5]** TEFRA thus contemplates a sequence or order by which a putative innocent spouse may obtain relief in an ongoing partnership proceeding. Under § 6225, the Commis-sioner may send an assessment of a deficiency attributable to a partnership item 150 days after an uncontested FPAA has been mailed or, if the FPAA has been contested, at the con-clusion of the partnership proceeding determining the amount each partner owes. Under § 6230, a taxpayer may petition for innocent spouse relief after a notice of computational adjust-ment has been mailed at the conclusion of the partnership pro-ceedings. At the conclusion of the proceedings and upon the request of the taxpayer, the Commissioner must abate the underlying tax deficiency to permit the spouse to assert a claim for relief from joint and several liability pursuant to § 6015. *See* 26 U.S.C. §§ 6225, 6230.

Adkison argues that because § 6015 expressly grants the Tax Court jurisdiction once a deficiency is asserted, he is enti-tled to have the Tax Court exercise that jurisdiction to grant him relief irrespective of any procedures mandated by § 6230. Adkison claims that § 6230 only applies when the partner contests the *amount* of the deficiency, a remedy available under § 6213. The Commissioner, on the other hand, argues

that § 6230 divests the Tax Court of jurisdiction under § 6015 outright, even though the Commissioner asserted a deficiency against Adkison. Because §§ 6015 and 6230 do not contemplate the Commissioner's action of sending both a partnership notice and an individual notice, we think both interpretations are plausible; in the end, however, we think neither is correct.

[6] Contrary to Adkison's position that § 6230 only applies to deficiency proceedings under § 6213, § 6230 explicitly references § 6015. TEFRA anticipates that partners—like Adkison—might have a freestanding claim reparable under § 6015: "if the spouse of a partner asserts that section 6015 applies with respect to a liability that is attributable to any adjustment to a partnership item . . . then such spouse may file with the Secretary . . . after the notice of computational adjustment is mailed to the spouse . . . ." 26 U.S.C. § 6230(a)(3)(A). Section 6230(a)(3)(A) thus applies to claims under § 6015, regardless of any other relief the partner may seek. Further, § 6230 effectively requires partners to contest the amount of the deficiency in the TEFRA proceedings alone by precluding a collateral attack on the deficiency through § 6213. Once the TEFRA proceedings are completed and the notice of computational adjustment is issued the only further adjustment the partner may seek is spousal relief from joint and several liability:

> If the spouse files a petition with the Tax Court pursuant to section 6213 with respect to the request for abatement described in subparagraph (A), the Tax Court shall only have jurisdiction pursuant to this section to determine whether the requirements of section 6015 have been satisfied.

26 U.S.C. § 6230(a)(3)(B). This language does not limit the application of § 6230 only to petitions under § 6213, as Adkison argues; rather, it limits the Tax Court's jurisdiction, when a petitioning spouse has invoked § 6213, to questions of allo-

cation between the spouses under § 6015. It has no effect on § 6230's application to a free-standing claim under § 6015.

**[7]** The Commissioner's argument, however, is also unavailing. Nothing in § 6230 divests the Tax Court of the jurisdiction granted under § 6015(e). We are reluctant to read limitations on jurisdiction into a statutory scheme that does not clearly divest a court of jurisdiction. *See generally United States v. Jacobo Castillo*, 496 F.3d 947, 951-54 (9th Cir. 2007) (en banc). As the Supreme Court has recently stated in *Union Pacific R.R. Co v. Brotherhood of Locomotive Eng'r & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. ___ (2009), "Recognizing that the word 'jurisdiction' has been used by courts . . . to convey many, too many, meanings, we have cautioned . . . against profligate use of the term. Not all mandatory prescriptions, however emphatic, are . . . properly typed jurisdictional . . . ." Slip Op. at 12 (internal citations and quotation marks omitted). The Court distinguished provisions that confer or deprive courts of subject matter jurisdiction from what it calls "claim-processing rules:" whereas subject matter jurisdiction "refers to a tribunal's power to hear a case, a matter that can never be forfeited or waived,' a claim processing rule, "does not reduce the adjudicatory domain of a tribunal and is ordinarily forfeited if the party asserting the rule waits too long to raise the point." *Id.* (internal citations and quotation marks omitted). In our view, the relationship between § 6015 and § 6230 in this case is more akin to a "claim processing rule" than a provision conferring or depriving the Tax Court of subject matter jurisdiction. Section 6230 prescribes how a § 6015 claim may be processed, or in other words, a sequence by which a spouse may claim relief from joint and several liability when a deficiency is intertwined in a TEFRA proceeding, and it says nothing about the Tax Court's subject matter jurisdiction. Indeed, had Congress intended for TEFRA actions to divest the Tax Court of jurisdiction under § 6015 during the pendency of TEFRA proceedings, it would have said so explicitly, as it did elsewhere in § 6230. *See* 26 U.S.C.

§ 6230(a)(3)(B) ("If the spouse files a petition with the Tax Court pursuant to section 6213 with respect to the request for abatement . . . the Tax Court shall only have jurisdiction pursuant to this section to determine whether the requirements of section 6015 have been satisfied.").

[8] The Treasury Regulations also do not aid the Commissioner's argument. In general, the Regulations do not contemplate the situation where the Commissioner initiates partnership proceedings and sends an individual notice of deficiency relating to the same liability. The regulation states:

> The Internal Revenue Service will not consider premature claims for relief . . . . A premature claim is a claim for relief that is filed for a tax year prior to the receipt of a notification of an audit or a letter or notice from the IRS indicating that there may be an outstanding liability with regard to that year. Such notices or letters do not include notices issued pursuant to section 6223 relating to TEFRA partnership proceedings.

Treas. Reg. § 1.6015-5(b)(5). The Commissioner argues that Adkison's claim was premature under this regulation, but when Adkison filed his petition, he held in his hand a Notice of Deficiency, a "notification from the IRS indicating that there may be an outstanding liability."[2] *Id.* Thus, under the

---

[2]The Commissioner cites the example in Treasury Regulation § 1.6015-5(c) to support the proposition that the taxpayer must wait until the end of the partnership proceedings before filing a claim. *See* Treas. Reg. § 1.6015-5(c) (stating that when a partnership interest is involved, a spouse must wait until "the Internal Revenue Service sends him a notice of computational adjustment or assesses the liability resulting from the TEFRA partnership proceeding before he files a claim for relief with respect to any such liability"). We agree with the Commissioner that in the ordinary case, where a spouse of a partner has not received an individual notice of deficiency, this example plainly contemplates that the spouse wait to file his or her claim. In this case, however, Adkison received a Notice of Deficiency during the pendency of a TEFRA proceeding. The Commissioner concedes that in the ordinary case, the IRS will not send a Notice of Deficiency until after the TEFRA proceedings have concluded.

plain import of the Treasury Regulation at issue, Adkison's claim was not premature and cannot divest the Tax Court of jurisdiction.[3]

[9] In our view, the Commissioner, joined by the Tax Court, has confused the availability of a remedy with the question of the Tax Court's jurisdiction. Sometimes jurisdiction and remedy are co-extensive. *See, e.g.*, 28 U.S.C. § 1491 (Tucker Act); 28 U.S.C. § 2671 et seq. (Federal Tort Claims Act); *see also United States v. Park Place Assoc., Ltd.*, 563 F.3d 907, 923-26 (9th Cir. 2009) (discussing the relationship between waivers of sovereign immunity and subject matter jurisdiction). More often in civil proceedings, however, they are not. *Compare* FED. R. CIV. P. 12(b)(1) (defense of "lack of subject-matter jurisdiction") with FED. R. CIV. P. 12(b)(6) (defense of "failure to state a claim upon which relief can be granted"). Although we conclude the Tax Court has jurisdiction over Adkison's § 6015 petition, the Tax Court's instincts were correct: in light of the Shavano TEFRA proceeding in the Northern District of California, there is no "appropriate relief available" to Adkison. 26 U.S.C. § 6015(e)(1)(A). TEFRA plainly contemplates that when a partnership proceeding is pending, the Commissioner will not assert a deficiency against a taxpayer-partner until the partnership proceeding determines the liability of the partnership, and consequently, the partners. *See* 26 U.S.C. § 6221 ("[T]he tax treatment of any partnership item . . . shall be determined at the partnership level"); § 6225(a)(1) ("[N]o assessment of a deficiency attributable to a partnership item may be made . . . before . . . notice of a final partnership administrative adjust-

---

[3]As the Commissioner now acknowledges, Adkison never should have been sent the Notice of Deficiency in the first place. The Commissioner explained that the IRS itself was not sure how the TEFRA proceedings would play out, and it was protecting itself. We wonder whether the IRS might have mooted Adkison's Tax Court petition by simply withdrawing the Notice of Deficiency. Without a Notice of Deficiency, Adkison's petition would have been premature and the Tax Court would not have had jurisdiction.

ment was mailed to the tax matters partner."). Once the TEFRA proceeding is concluded, the partners are entitled to a "final partnership administrative adjustment," *id.* § 6223(a)(2), their tax deficiency is determined, and at that point, the spouse of a partner may file a petition for relief under § 6015. *Id.* § 6230(a)(3)(A). Such petition is limited to the allocation of the tax deficiency between the spouses, the determination of the partnership liability "that gave rise to the liability" being "conclusive." *Id.* § 6230(a)(3)(B).

## III

**[10]** Although we conclude that the Tax Court erred in finding that it lacked jurisdiction, it properly denied Adkison's petition because there is no relief the Tax Court can appropriately grant until the TEFRA proceedings are concluded. The judgment is AFFIRMED.