**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL COLEMAN,

                Petitioner - Appellant,

    v.

COMMISSIONER OF INTERNAL
REVENUE,

                Respondent - Appellee.

Nos. 12-72482
      12-72483

Tax Ct. No. 2945-09L, 3164-09

MEMORANDUM[*]

Appeal from a Decision of the
United States Tax Court

Submitted February 17, 2015[**]

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

In these consolidated appeals, Michael Coleman appeals pro se from the

United States Tax Court's decision upholding the Commissioner's denial of his

request for an abatement of interest. We have jurisdiction under 26 U.S.C. §

7482(a)(1). We review de novo the Tax Court's interpretation of the Tax Code and

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

its decision as to whether the Commissioner abused his discretion in denying a request for abatement of interest. *Adkinson v. Comm'r*, 592 F.3d 1050, 1052 (9th Cir. 2010); *Fargo v. Comm'r*, 447 F.3d 706, 709 (9th Cir. 2006). We affirm.

The Tax Court properly concluded, on stipulated evidence, that the Commissioner did not abuse his discretion in denying Coleman's request for an abatement of interest under 26 U.S.C. § 6404 where Coleman did not identify a ministerial act that the Commissioner failed to perform. 26 U.S.C.§ 6404(e)(1)(A) (permitting abatement of interest in the case of "any deficiency attributable . . . to any unreasonable error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial or managerial act"); Treas. Reg. § 301.6404-2(b)(2) (defining ministerial act as a "procedural and mechanical act that does not involve the exercise of judgment or discretion"). Accordingly, we agree that the Commissioner did not abuse his discretion in declining to grant Coleman's request for an abatement of interest.

**AFFIRMED.**