NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 30 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICKY BURNINGHAM,

               Petitioner-Appellant,

  v.

COMMISSIONER OF INTERNAL
REVENUE,

               Respondent-Appellee.

Nos. 14-70712
      14-70713

Tax Ct. Nos. 24619-12L
          21372-12L

MEMORANDUM[*]

Appeals from Decisions of the
United States Tax Court

Submitted January 18, 2017[**]

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

In these consolidated appeals, Ricky Burningham appeals pro se from the

Tax Court's decisions upholding federal income tax liability for tax years 2003

through 2008. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de

novo whether the Tax Court had jurisdiction, *MK Hillside Partners v. Comm'r*,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

826 F.3d 1200, 1204 (9th Cir. 2016), and for an abuse of discretion a dismissal for failure to prosecute, *Noli v. Comm'r*, 860 F.2d 1521, 1527 (9th Cir. 1988). We affirm.

**Appeal No. 14-70713 (Tax Years 2003-2007)**

The Tax Court properly exercised jurisdiction over Burningham's case when it reviewed the Commissioner's determination to proceed by levy to collect unpaid federal income taxes. *See* 26 U.S.C. § 6330(d) (conferring jurisdiction to the Tax Court to review levy determinations sustained by the Internal Revenue Service Office of Appeals ("Office of Appeals")); T.C. R. 330(b) (Tax Court shall have jurisdiction over a levy action when the conditions of § 6330(d) have been satisfied). We reject as without merit Burningham's contention that the Tax Court exceeded the proper scope of review under § 6330(d), as the Tax Court did not consider any evidence outside of the administrative record in existence at the time the Office of Appeals sustained the Commissioner's determination to proceed with collecting unpaid income taxes.

**Appeal No. 14-70712 (Tax Year 2008)**

The Tax Court did not abuse its discretion in dismissing Burningham's petition for failure to prosecute because Burningham failed to appear at trial or

14-70712

offer any valid excuse for his absence. *See Noli*, 860 F.2d at 1527 (noting that "dismissal for failure properly to prosecute will normally arise where a party fails to appear at trial"); *see also* T.C. R. 123(a), (b) (Tax Court may dismiss a case and enter a decision against a petitioner where the petitioner fails to prosecute properly or fails to proceed as required by the Tax Court); T.C. R. 149(a) (Tax Court may dismiss a case for failure to prosecute where the petitioner's absence from trial is unexcused); *Larsen v. Comm'r*, 765 F.2d 939, 941 (9th Cir. 1985) (Tax Court has discretion to dismiss a petition for failure to comply with Tax Court Rules).

The Tax Court did not err by returning unfiled Burningham's motion to dismiss and objections to the Commissioner's summary judgment motion because the documents did not comply with Tax Court Rule 54. Burningham did not attempt to refile the motion and the objections in compliance with the Tax Court Rules, and neither these documents, nor Burningham's notice of nonappearance challenging the Tax Court's jurisdiction, constitute acceptable substitutes for his appearance at trial.

Burningham's request for judicial notice in Appeal No. 14-70712, filed on May 6, 2014, is granted.

**14-70713: AFFIRMED.**

**14-70712: AFFIRMED.**