NOT FOR PUBLICATION

**FILED**

**UNITED STATES COURT OF APPEALS**

FEB 23 2022

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LON B. ISAACSON,

        Petitioner-Appellant,

  v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent-Appellee.

No.   20-71121

Tax Ct. No.  29484-14

MEMORANDUM[*]

Appeal from a Decision of the
United States Tax Court

Argued and Submitted February 8, 2022
San Francisco, California

Before:  HURWITZ and VANDYKE, Circuit Judges, and ERICKSEN,[**] District
Judge.

     Lon Isaacson appeals from an opinion of the Tax Court concluding that he

failed to report legal fees as income on his 2007 federal tax return, and that he did

so with fraudulent intent.  We have jurisdiction under 28 U.S.C. § 7482 and affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The Honorable Joan N. Ericksen, United States District Judge for the District of
Minnesota, sitting by designation.

"[W]e review the tax court's conclusions of law de novo and its factual findings for clear error." *MK Hillside Partners v. Comm'r*, 826 F.3d 1200, 1203 (9th Cir. 2016). "Our clear-error review of the … court's findings of fact is deferential; we will accept the … court's findings of fact unless we are left with the definite and firm conviction that a mistake has been committed." *O'Bannon v. Nat'l Collegiate Athletic Ass'n*, 802 F.3d 1049, 1061 (9th Cir. 2015) (internal quotation marks and citation omitted). We "review the tax court's application of judicial estoppel … for abuse of discretion." *MK Hillside Partners*, 826 F.3d at 1203.

Determinations made by the Commissioner of Internal Revenue in a notice of deficiency "are presumed to be correct, and the taxpayer bears the burden of proving that those determinations are erroneous." *Merkel v. Comm'r*, 192 F.3d 844, 852 (9th Cir. 1999); *see* T.C. Rule 142(a). "The presumption of correctness will be rebutted if the taxpayer proves by a preponderance of the evidence that the deficiency is incorrect or was arbitrarily derived." *Merkel*, 192 F.3d at 852. The Commissioner bears the burden of proving, by clear and convincing evidence, that the taxpayer is liable for a fraud penalty. *See* T.C. Rule 142(b).

1. The Commissioner's notice of deficiency concluded that Isaacson had failed to report legal fees received in 2007 on that year's federal tax return. The Commissioner sought an income tax deficiency of $2,824,102.00, and a seventy-five percent fraud penalty of $2,118,076.50. The Tax Court concluded that the tax

deficiency and penalty were appropriate. Isaacson contends that the Tax Court erred because he purportedly held the funds resulting from the settlement of an action for the benefit of his clients and was not required to report his legal fees in 2007 because of an "ongoing" fee dispute with at least two of them.

a. From the time the settlement funds were wired into Isaacson's investment account at the Union Bank of Switzerland (UBS), he treated the funds as his own. Isaacson immediately commingled the settlement funds with money he had previously deposited in the account, and directed UBS to invest the funds consistent with his personal risk preferences. Just days after the funds were invested, in order to obtain "liquidity," Isaacson directed UBS to sell $1,850,000 of securities purchased with the settlement funds for that purpose. The following week, Isaacson instructed UBS to transfer $50,000 from his investment account to his personal trainer. The Tax Court did not err in concluding that Isaacson's conduct demonstrated his dominion and control over the funds.

b. Nor did the Tax Court abuse its discretion by judicially estopping Isaacson from arguing that a fee dispute existed between him and his clients. This argument was plainly inconsistent with Isaacson's representations to the Superior Court of California that no such dispute existed during the relevant time period. *See New Hampshire v. Maine*, 532 U.S. 742, 749–51 (2001). Relying on Isaacson's representations, the Superior Court disbursed $6,883,047.05 of the settlement funds

3

to him. To permit Isaacson to now make a contrary argument would allow him to "derive an unfair advantage" from his inconsistent positions. *Id.* at 751.

c. Even absent judicial estoppel, we would still affirm the Tax Court. While Isaacson's argument that a fee dispute existed finds some support in the record, the record as a whole supports the conclusion that no fee dispute existed.

2. Likewise, we find no error in the Tax Court's imposition of the penalty. The court carefully considered the relevant badges of fraud, *see Bradford v. Comm'r*, 796 F.2d 303, 307–08 (9th Cir. 1986), and its conclusion that each supports an inference of fraudulent intent is supported by the record.

**AFFIRMED**.