**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 03 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FLEXTRONICS AMERICA, As
alternative agent for C-Mac Holdings, Inc.
and Subsidiaries consolidated group,

              Petitioner - Appellee,

  v.

COMMISSIONER OF INTERNAL
REVENUE,

              Respondent - Appellant.

No. 11-70949

Tax Ct. No. 9543-07

MEMORANDUM[*]

Appeal from a Decision of the United States Tax Court
Maurice B. Foley, United States Tax Court Judge, Presiding

Argued and Submitted October 19, 2012
San Francisco, California

Before: HAWKINS, N.R. SMITH,[**] and MURGUIA, Circuit Judges.

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     Judge N.R. Smith was drawn to replace Judge Betty Binns Fletcher.
Judge Smith has read the briefs, reviewed the record and listened to oral arguments
that were held on October 19, 2012.

The tax court did not clearly err in finding that C-MAC's purchase of the Creedmoor inventory (in advance of acquiring the Creedmoor facility) was not a sham transaction. *Sparkman v. Comm'r*, 509 F.3d 1149, 1155 (9th Cir. 2007); *Coltec Indus., Inc. v. United States*, 454 F.3d 1340, 1356 (Fed. Cir. 2006) ("[T]he transaction to be analyzed is the one that gave rise to the alleged tax benefit."). Dennis Wood, CEO of C-MAC, testified that C-MAC could use the inventory in its other businesses. The tax court specifically identified this testimony as "credible." Wood also testified that C-MAC "was" using the inventory, and that he didn't "do deals for tax advantage." Accordingly, there was a "business purpose for engaging in the transaction other than tax avoidance." *Bail Bonds by Marvin Nelson, Inc. v. Comm'r*, 820 F.2d 1543, 1549 (9th Cir. 1987).

The transaction also had economic substance because, as the Tax Court found, it had "practical economic effects other than the creation of income tax losses." *Casebeer v. Comm'r*, 909 F.2d 1360, 1363 (9th Cir. 1990); *see also Bail Bonds*, 820 F.2d at 1548 ("A transaction is a sham if it has *no* purpose or economic effect *other than* the creation of tax deductions.") (emphasis added). Looking at the "dry pages of the record," *United States v. Alston*, 974 F.2d 1206, 1212 (9th Cir. 1992), reasonable minds could disagree with the Tax Court's conclusion that the transaction was not a sham. However, we cannot say that it was clearly

-2-

erroneous for the tax court to conclude—based on the available evidence—that the transaction had *some* practical effects other than the creation of income tax losses.

After acquiring the inventory, C-MAC was required to insure it and bore the risk of loss. Further, C-MAC pledged the inventory as collateral for loans from four banks. The inventory transaction also effected part of the capitalization of Network Systems by providing inventory that it would later use to operate the Creedmoor facility. Further, that capitalization happened through a series of § 351 transactions, which permitted C-MAC to establish its desired ownership structure across an international web of business entities.[1] Additionally, after acquiring the inventory, Interconnect sold $279,795.75 of it to C-MAC Quartz Crystals Ltd. in response to that facility's requirements.

Owing particular deference to "[t]he expertise that the Tax Court brings to bear in its consideration of these complex factual situations," *Casebeer*, 909 F.2d at 1362, we cannot say the Tax Court reached a conclusion that was "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Meruelo v. Comm'r*, 691 F.3d 1108, 1114 (9th Cir. 2012).

---

[1] Because the inventory transactions helped C-MAC set up its desired operating structure and capitalize Network systems, no step appears to be meaningless. Accordingly, the Tax Court did not clearly err in finding the step transaction doctrine inapplicable in this case. *See Linton v. United States*, 630 F.3d 1211, 1224 (9th Cir. 2011).

**AFFIRMED.**

Judge Hawkins concurs in the judgment.