
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| W. RUSSELL VAN CAMP and TERESA VAN CAMP,<br><br>Petitioners,<br><br>v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>Respondent. | No. 13-70018<br><br>Tax Ct. No. 12109-10<br><br>MEMORANDUM[*] |
| W. RUSSELL VAN CAMP and TERESA VAN CAMP,<br><br>Petitioners,<br><br>v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>Respondent. | No. 13-70019<br><br>Tax Ct. No. 12110-10 |

Appeal from a Decision of the
Tax Court

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted February 6, 2015[]
Seattle Washington

Before: BEA and MURGUIA, Circuit Judges, and ORRICK, District Judge.[***]

Russell Van Camp and Teresa Van Camp appeal the Tax Court's decision to deny the Van Camps' request to remand their case to the IRS Office of Appeals. We have jurisdiction under 26 U.S.C. § 7482(a)(1).

"We review decisions of the Tax Court under the same standards as civil bench trials in the district court." *Milenbach v. C.I.R.*, 318 F.3d 924, 930 (9th Cir. 2003). The Tax Court's "conclusions of law are reviewed de novo, and questions of fact are reviewed for clear error." *Id.* The Tax Court's factual findings are clearly erroneous if they are "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Meruelo v. C.I.R.,* 691 F.3d 1108, 1114 (9th Cir. 2012) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

The Van Camps contend Russell Van Camp's disbarment from the Washington State Bar was a changed circumstance affecting the Van Camps'

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable William Horsley Orrick III, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

finances.  And, as a result, the Tax Court should have remanded the Van Camps'

case back to the IRS Office of Appeals to reevaluate their ability to make

installment payments on their unpaid tax liabilities.  The Tax Court found there

were no changed circumstances because the Van Camps admitted before the IRS

Office of Appeals they could not make any installment payments; the Van Camps'

continued inability to make installment payments after Russell Van Camp's

disbarment was therefore not a changed circumstance.  That factual finding is not

clearly erroneous.  *Meruelo*, 691 F.3d at 1114.

**AFFIRMED**.