NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLOVUS M. SYKES, | No. 16-73708 |
| Petitioner-Appellant, | Tax Ct. No. 24394-15 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted April 19, 2018[**]

Before:    THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit
Judges.

Clovus M. Sykes appeals pro se from the Tax Court's decision upholding the

Commissioner of Internal Revenue's determination of income tax deficiencies for

tax year 2012, and imposing a penalty under 26 U.S.C. § 6673. We have

jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo questions of law,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

including whether the Tax Court has subject matter jurisdiction, and for clear error its factual findings. *Meruelo v. Comm'r*, 691 F.3d 1108, 1114 (9th Cir. 2012). We review the imposition of penalties under § 6673 for abuse of discretion. *Wolf v. Comm'r*, 4 F.3d 709, 716 (9th Cir. 1993). We affirm.

The Tax Court had jurisdiction when the Commissioner mailed valid notices of deficiency. *See* 26 U.S.C. § 6212; *see also Scar v. Comm'r*, 814 F.2d 1363, 1366–70 (9th Cir. 1987) (discussing requirements for valid notice of deficiency such that jurisdiction is conferred upon the Tax Court). We reject as without merit Sykes's contention that a letter he received from the Social Security Administration affected the validity of the notice of deficiency.

The Tax Court properly upheld the Commissioner's deficiency determination for 2012 because the Commissioner presented "some substantive evidence" that Sykes failed to report income and Sykes did not submit any relevant evidence "showing that the deficiency was arbitrary or erroneous." *Hardy v. Comm'r*, 181 F.3d 1002, 1004–05 (9th Cir. 1999).

The Tax Court did not abuse its discretion by imposing against Sykes a penalty under § 6673 for maintaining frivolous positions. *See* 26 U.S.C. § 7443A(b) (authorizing chief judge to assign proceedings to a special trial judge); *id.* § 6673(a)(1) (authorizing a penalty not in excess of $25,000 where the taxpayer's position is frivolous or groundless).

Sykes's motion to consolidate Appeal Nos. 13-74293, 14-70446, 14-73956, and 16-73708 (Docket Entry No. 16) is denied as moot.

**AFFIRMED.**