**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN EDWARD HARRISS,<br><br>　　　　　　Petitioner-Appellant,<br><br>　v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>　　　　　　Respondent-Appellee. | No.　17-72233<br><br>Tax Ct. Nos.12528-14, 25358-14<br><br>MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court

Submitted August 19, 2019[**]

Before:　SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Brian Edward Harriss appeals pro se from the Tax Court's decision

upholding the Commissioner of Internal Revenue's determination of deficiency for

tax years 2010 and 2011.  We have jurisdiction under 26 U.S.C. § 7482(a)(1).  We

review de novo the Tax Court's conclusions of law and for clear error its factual

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

findings. *Meruelo v. Comm'r*, 691 F.3d 1108, 1114 (9th Cir. 2012). We affirm.

The Tax Court properly upheld the Commissioner's deficiency determinations for tax years 2010 and 2011 because the record showed that Harriss had earned taxable income, and the legal basis for Harriss's argument to the contrary was frivolous. *See* 26 U.S.C § 61(a)(1) (explaining that "gross income" includes "compensation for services"); *United States v. Romero*, 640 F.2d 1014, 1016 (9th Cir. 1981) (compensation for labor or services, paid in the form of wages or salary, has been universally held by the courts to be income, and subject to income tax).

The Tax Court did not err by imposing penalties against Harriss for filing an untimely tax return for 2011 and for inaccurately reporting his income for tax years 2010 and 2011. *See* 26 U.S.C. § 6651(a)(1) (addition appropriate when taxpayer fails to file timely taxes unless such failure was due to reasonable cause and not due to willful neglect); *id.* § 6662(a) (imposing penalty for negligence or disregard of rules or regulations).

**AFFIRMED.**