**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

SEP 16 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARRELL ARCHER, | Nos. 19-70304 |
| Petitioner-Appellant, | 19-70305 |
| v. | Tax Ct. Nos. 10444-16 |
| | 12414-16 |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeals from Decisions of the
United States Tax Court

Submitted September 8, 2020[**]

Before:     TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

In these consolidated appeals, Darrell Archer appeals pro se from the Tax

Court's decisions, following a bench trial, upholding the Commissioner of Internal

Revenue's determination of deficiencies, penalties, and an addition to tax for tax

years 2013 and 2014.  We have jurisdiction under 26 U.S.C. § 7482(a)(1).  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes these cases are suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo the Tax Court's conclusions of law and for clear error its factual findings. *Meruelo v. Comm'r*, 691 F.3d 1108, 1114 (9th Cir. 2012). We affirm.

The Tax Court properly concluded that Archer failed to provide sufficient evidence of his claimed deductions to shift the burden of proof to the Commissioner to disprove his claimed deductions. 26 U.S.C. § 7491(a)(1), (2) (if a taxpayer introduces credible evidence, has complied with the requirements to substantiate a deduction, maintained all the required records, and cooperated with the Commissioner's request, the burden shifts to the Commissioner to disprove the claimed deduction).

The Tax Court did not clearly err in determining that Archer failed to produce sufficient evidence to demonstrate his entitlement to deductions related to business expenses, home office expenses, rental property losses, and charitable contributions. *See* 26 U.S.C. §§ 162(a) (business expenses), 170(a) (charitable contributions), 274(d) (travel, meals and vehicle expenses), 280A (home office expenses); 26 C.F.R. §§ 1.170A-1(c) (charitable contributions), 1.170A-13(a) and (b) (charitable contributions), 1.274-5T (travel, meals and vehicle expenses); *Sparkman v. Comm'r*, 509 F.3d 1149, 1159 (9th Cir. 2007) ("[A]n income tax deduction is a matter of legislative grace and . . . the burden of clearly showing the right to the claimed deduction is on the taxpayer." (citation and internal quotation marks omitted)).

The Tax Court did not clearly err in imposing penalties and an addition to tax against Archer for filing an untimely tax return for 2014 and for inaccurately reporting his income for tax years 2013 and 2014. *See* 26 U.S.C. §§ 6651(a)(1) (addition to tax appropriate when taxpayer fails to file timely taxes unless such failure was due to reasonable cause, not willful neglect), 6662(a), (b) (imposing accuracy-related penalty for negligence, disregard of rules or regulations, or substantial understatement of income tax); *see also United States v. Boyle*, 469 U.S. 241, 245 (1985) (for purposes of § 6651(a)(1), reasonable cause refers to the exercise of ordinary business care and prudence which nevertheless results in the failure to file a timely tax return; willful neglect refers to "conscious, intentional failure or reckless indifference"); *Dieringer v. Comm'r*, 917 F.3d 1135, 1145 (9th Cir. 2019) (standard of review and definition of negligence under § 6662(a)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time in the reply brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

19-70304 & 19-70305