NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD GENE BERRY; LINDA KATHRYN BERRY, | No. 19-70684 |
| Petitioners-Appellants, | Tax Ct. No. 14090-15 |
| v. | MEMORANDUM* |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted October 26, 2020**

Before: McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Ronald Gene Berry and Linda Kathryn Berry appeal pro se from the Tax

Court's decision, following a bench trial, upholding the Commissioner of Internal

Revenue's determination of deficiencies and accuracy-related penalties for the

2011 tax year. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo the Tax Court's conclusions of law and for clear error its factual findings. *Meruelo v. Comm'r*, 691 F.3d 1108, 1114 (9th Cir. 2012). We affirm.

The Tax Court did not clearly err in determining that Phoenix Construction and Remodeling, Inc. ("Phoenix") did not overreport its gross income because the Berrys failed to establish that the $60,000.00 cash deposit from petitioner Linda Berry's father to Phoenix was a loan. *See* 26 U.S.C. § 61(a) (defining gross income); *Welch v. Comm'r*, 204 F.3d 1228, 1230-31 (9th Cir. 2000) (explaining that the taxpayer must establish that income resulted from a nontaxable loan and setting forth factors for determining whether a transaction is a loan). Contrary to the Berrys' contention, the Tax Court was not required to accept their proffered documentary evidence of the alleged loan as true.

The Tax Court did not clearly err in determining that the Berrys failed to produce sufficient evidence to demonstrate that Phoenix was entitled to further deductions for car and truck expenses and cost of goods sold as business expenses. *See* 26 U.S.C. §§ 162(a) (business expenses), 274(d) (vehicle expenses); 26 C.F.R. § 1.61-3(a) (cost of goods sold to be deducted from gross income to determine business income); *Sparkman v. Comm'r*, 509 F.3d 1149, 1159 (9th Cir. 2007) (taxpayer bears burden of clearly showing right to claimed deduction).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

19-70684

We do not consider any contentions in the opening brief that are raised on behalf of or by non-party Andrew Berry because they are outside the scope of this appeal.

**AFFIRMED.**