**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICK COMBS, AKA Patrick Davy Combs, | No. 20-70262 |
| Petitioner-Appellant, | Tax Ct. No. 22748-14 |
| v. | MEMORANDUM* |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted September 14, 2021**

Before: PAEZ, NGUYEN, and OWENS, Circuit Judges.

Patrick Combs appeals pro se from the Tax Court's decision, following a

bench trial, upholding the determinations of deficiency, penalties, and an addition

by the Commissioner of Internal Revenue regarding his federal income taxes for

the 2010, 2011, and 2012 tax years. We have jurisdiction under 26 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 7482(a)(1). We review de novo the Tax Court's legal conclusions and for clear error its factual findings. *Meruelo v. Comm'r*, 691 F.3d 1108, 1114 (9th Cir. 2012). We affirm.

The Tax Court properly granted summary judgment for the Commissioner regarding Combs's assessed tax liabilities for the 2010 and 2011 tax years because the Commissioner introduced evidence of its deficiency determinations, and Combs failed to raise a genuine dispute of material fact as to whether the determinations were invalid. *See Miller v. Comm'r*, 310 F.3d 640, 642 (9th Cir. 2002) (setting forth standard of review); *Palmer v. IRS*, 116 F.3d 1309, 1312 (9th Cir. 1997) (explaining that the IRS's deficiency determinations are entitled to the presumption of correctness unless the taxpayer submits competent evidence that the assessments were "arbitrary, excessive, or without foundation"); *see also United States v. Basye*, 410 U.S. 441, 447 (1973) ("[I]ncome is taxed to the party who earns it and that liability cannot be avoid through an anticipatory assignment of that income[.]").

The Tax Court did not clearly err by finding that Combs received and failed to report constructive dividends for the 2010 through 2012 tax years because this finding was supported by ample evidence in the record. *See Hardy v. Comm'r*, 181 F.3d 1002, 1004-05 (9th Cir. 1999) ("If the Commissioner introduces some evidence that the taxpayer received unreported income, the burden shifts to the

taxpayer to show by a preponderance of the evidence that the deficiency was arbitrary or erroneous."); *P.R. Farms, Inc. v. Comm'r*, 820 F.2d 1084, 1086-87 (9th Cir. 1987) (outlining the two-part test for determining the existence of a constructive dividend and affirming the finding of a dividend where the record supported the determination).

The Tax Court did not clearly err by finding that Combs was liable for accuracy-related penalties for inaccurately reporting his income for the 2010 through 2012 tax years. *See* 26 U.S.C. § 6662(a), (b); *Hansen v. Comm'r*, 471 F.3d 1021, 1028-29 (9th Cir. 2006) (explaining that an accuracy-related penalty on underpayment of tax may be assessed due to taxpayer's negligence).

We do not consider whether the Tax Court erred in sustaining the addition for failure to file a timely return for 2011 or imposing a penalty under § 6673 for maintaining frivolous positions because Combs does not address these issues in his opening brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (arguments raised for the first time in a reply brief are deemed waived).

We reject as meritless Combs's contention that the Tax Court engaged in fraud.

**AFFIRMED.**