**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL D. BROWN, | No. 22-70001 |
| *Petitioner-Appellant*, | Tax Court. No. 18104-17L |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | OPINION |
| *Respondent-Appellee*. | |

Appeal from a Decision of the
United States Tax Court

Argued and Submitted November 10, 2022
Pasadena, California

Filed January 24, 2023

Before: Mary H. Murguia, Chief Judge, and Barrington D. Parker,[*] and Kenneth K. Lee, Circuit Judges.

Opinion by Judge Parker

---

[*] The Honorable Barrington D. Parker, United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

## SUMMARY[**]

### Tax

The panel affirmed the Tax Court's decision in an action seeking a refund of a payment made in connection with a rejected offer in compromise to settle a tax liability.

Taxpayer made an offer in compromise (OIC) to settle his outstanding tax liability. Under the Tax Increase Prevention and Reconciliation Act (TIPRA), taxpayer submitted a payment of twenty percent of the value of his OIC, acknowledging that this TIPRA payment would not be refunded if the OIC was not accepted. The Commissioner of Internal Revenue did not accept the OIC because the Commissioner concluded that ongoing audits of taxpayer's businesses made the overall amount of his tax liability uncertain. Taxpayer then sought a refund of his TIPRA payment.

In a previous appeal, this court held that the Internal Revenue Service did not abuse its discretion by returning the OIC, but vacated the Tax Court's determination that the IRS had not abused its discretion in refusing to return the TIPRA payment. This court remanded for the Tax Court to consider its refund jurisdiction in the first instance. On remand, the Tax Court held that it did not have jurisdiction.

The panel affirmed the Tax Court decision, because there is no specific statutory grant conferring jurisdiction to refund TIPRA payments. The panel explained that, as the Tax Court

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

correctly noted, it is a court of limited jurisdiction, specifically granted by statute, with no authority to expand upon that statutory grant.

## COUNSEL

Steve R. Mather (argued), Mather Anderson, Los Angeles, California, for Petitioner Appellant.

Matthew S. Johnshoy (argued), Trial Attorney; Joan I. Oppenheimer Trial Attorney, Co-Counsel; Regina S. Moriarty, Trial Attorney, Lead Counsel; David A. Hubbert, Deputy Assistant Attorney General; United States Department of Justice, Tax Division, Washington, D.C.; William M. Paul, Internal Revenue Service, Washington, D.C.; for Respondent-Appellee.

# OPINION

PARKER, Circuit Judge:

Michael D. Brown owes approximately $50,000,000 in unpaid federal taxes for various years between 2001 and 2011. In 2016, after the Internal Revenue Service ("IRS") placed two tax liens on his property, Brown submitted an offer in compromise ("OIC") to the Commissioner of Internal Revenue. An OIC allows a taxpayer to settle his outstanding tax liabilities for less than their total value if the IRS determines there are doubts as to collectability or that full payment would be inequitable or cause unusual economic hardship. IRM 33.3.2 (Aug. 6, 2019) (Offers in Compromise); IRS Form 656 (Offer in Compromise) at 3. Brown's OIC offered to settle his $50,000,000 outstanding tax liability for a payment of $400,000, claiming that there were doubts as to collectability.

The Tax Increase Prevention and Reconciliation Act of 2005 ("TIPRA"), Pub. L. 109–222, requires a taxpayer who makes an OIC to submit a payment of twenty percent of the value of the OIC, in Brown's case $80,000. *See* 26 U.S.C. § 7122(c)(1)(A)(i). As part of the OIC process, the taxpayer must acknowledge that he understands that the TIPRA payment will not be refunded if the OIC is not accepted. Brown acknowledged the following on his signed OIC submission form: "I voluntarily submit the payments made on this offer and understand that they will not be returned even if I withdraw the offer or the IRS rejects or returns the Offer." IRS Form 656 (Offer in Compromise) at 5. The Commissioner returned Brown's OIC after concluding that it was inappropriate to compromise his tax liability at that time because the existence of ongoing audits of Brown's

businesses made the overall amount of his tax liability uncertain. The IRS, in accordance with the terms of the OIC, did not return Brown's $80,000 TIPRA payment. This litigation is Brown's attempt to retrieve that money.

In a previous appeal, we held that the IRS's decision to return Brown's OIC was proper but remanded to allow the Tax Court to determine if it had jurisdiction to refund Brown's $80,000 TIPRA payment. *Brown v. Comm'r*, 826 F. App'x 673, 674 (9th Cir. 2020). On remand, the Tax Court held that it did not have jurisdiction to refund the payment because the power to do so had not been specifically granted to it by any statute. *Brown v. Comm'r*, 122 T.C.M. (CCH) 199, at *7 (2021). We agree and therefore we affirm.

I.

This litigation began in 2015 when the IRS filed the first of two notices of federal tax lien ("NFTLs") against Brown's property as a consequence of Brown's unpaid taxes. In response to the NFTLs, Brown requested a Collection Due Process ("CDP") hearing and indicated that he intended to make an OIC. At that time, there were multiple ongoing audits of Brown's businesses.

In November 2016, Brown submitted his OIC. As noted, his OIC offered to settle his $50,000,000 tax liability for $400,000 and included the required twenty percent ($80,000) TIPRA payment. The law is clear that TIPRA payments are not refundable deposits but rather are non-refundable payments of tax. *See Isley v. Comm'r*, 141 T.C. 349, 372 (2013) ("[T]he [TIPRA] payment constitutes a nonrefundable, partial payment of the taxpayer's liability . . .") (citing H.R. Conf. Rept. No. 109–455, at 234 (2006)); *see also* 26 U.S.C. § 7122(c)(2)(A)–(C) (establishing that any TIPRA payment goes to the taxpayer's liabilities). The IRS

accepted Brown's OIC for processing but decided that it should be returned because of the ongoing audits. After the OIC was returned, Brown received a Notice of Determination ("NOD") which permitted him to appeal to the Tax Court to contest the liens and the return of his OIC. *See* 26 U.S.C. § 6330(d)(1).

Brown appealed to the Tax Court and lost. The Tax Court held that the liens were appropriate and that the IRS did not abuse its discretion by declining to refund Brown's TIPRA payment. *See Brown v. Comm'r*, 118 T.C.M. (CCH) 260 (2019). Brown then appealed to this Court. We affirmed in part and vacated in part. *Brown*, 826 F. App'x at 673. We held that the IRS did not abuse its discretion by returning Brown's OIC but vacated the Tax Court's determination that the IRS had not abused its discretion in refusing to return Brown's TIPRA payment. Because the Commissioner argued to us that the Tax Court lacked jurisdiction to order a refund of the TIPRA payment, but that issue had not been fully briefed, we remanded to the Tax Court to consider its refund jurisdiction in the first instance. *Id.* at 674.

On remand, the Tax Court held that it did not have jurisdiction to refund Brown's TIPRA payment. The court emphasized that it is "a court of limited jurisdiction and has only such jurisdiction as is granted it by the [Internal Revenue] Code." *Brown*, 122 T.C.M. (CCH) at *5. The court reasoned that although it had jurisdiction to hear the appeal pursuant to 26 U.S.C. §§ 6320(c) and 6330(d)(1), it had no jurisdiction under these or any other Code provisions to pay Brown the refund he was seeking. *Id.* at *6–7. It therefore granted the Commissioner's motion to dismiss for lack of jurisdiction. *Id.* at *8. This appeal followed.

II.

We review the Tax Court's interpretation of federal statutes and its determinations of its own jurisdiction *de novo*. *Meruelo v. Comm'r*, 691 F.3d 1108, 1114 (9th Cir. 2012), *as amended on denial of reh'g and reh'g en banc* (Nov. 14, 2012).

As the Tax Court correctly noted, it is a court of limited jurisdiction and possesses no general equitable powers. *See Comm'r v. McCoy*, 484 U.S. 3, 7 (1987). In other words, it has only the jurisdiction specifically granted by statute and lacks the authority to expand upon that statutory grant. *Id.*; *see* 26 U.S.C. § 7442. We have been clear that "[t]he Tax Court's jurisdiction is defined and limited by Title 26 and it may not use general equitable powers to expand its jurisdictional grant beyond this limited Congressional authorization. It may exercise its authority only within its statutorily defined sphere." *Est. of Branson v. Comm'r*, 264 F.3d 904, 908 (9th Cir. 2001).

Brown argues that 26 U.S.C. §§ 6320 and 6330 give the Tax Court jurisdiction to refund his TIPRA payment. This is not so. Section 6320 merely requires that taxpayers be given notice and an opportunity for a hearing when a tax lien is filed. And section 6330 deals with procedures governing levies on property and administrative reviews of both liens and levies. *See* 26 U.S.C. § 6320(c) (explaining that provisions of § 6330 shall apply to the review of tax-lien hearings). Nothing in either section grants the Tax Court the power to refund TIPRA payments.[1]

---

[1] *Cf.* 26 U.S.C. § 6512(b)(1) (giving the Tax Court, in its deficiency jurisdiction, the power to determine an overpayment and refund such overpayment to the taxpayer).

In *Greene-Thapedi v. Commissioner*, 126 T.C. 1, 8 (2006), the Tax Court held that "section 6330 does not expressly give [the Tax Court] jurisdiction to determine an overpayment or to order a refund or credit of taxes paid." The Tax Court went on to state "we do not believe we should assume, without explicit statutory authority, jurisdiction either to determine an overpayment or to order a refund or credit of taxes paid in a section 6330 collection proceeding." *Greene-Thapedi*, 126 T.C. at 11.

Thus, the Tax Court lacks jurisdiction to refund TIPRA payments because there is no specific statutory grant conferring jurisdiction to do so. We have considered Brown's remaining arguments and find them to be without merit.

### III.

The judgment of the Tax Court is **AFFIRMED**.